### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COACOCHE AHAISSE, | ) |
|                 Petitioner, | ) |
| vs. | ) Case No. 05-CV-248-JHP-PJC |
| MIKE MULLINS, Warden, | ) |
|                 Respondent. | ) |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent filed a response (Dkt. # 9) to the petition and provided the state court records (Dkt. #s 10, 11) necessary for adjudication of Petitioner's claims. Petitioner filed a reply (Dkt. # 12) to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

On August 9, 2002, Petitioner Coacoche Ahaisse stabbed Alexander Lowe six (6) times during an altercation that took place at a party at 1306 N. Lewis Place, in Tulsa, Oklahoma. One of the stab wounds proved to be fatal. Petitioner was arrested and charged in Tulsa County District Court, Case No. CF-2002-4070, with First Degree Murder. At the conclusion of a jury trial, held March 5-6, 2003, Petitioner was found guilty of First Degree Murder. On May 1, 2003, the trial court sentenced Petitioner in accordance with the jury's recommendation to life imprisonment and imposed a fine of $5,000. Petitioner was represented at trial by attorneys Ron Wallace and Sheena Burgess.

Represented by attorney Stephen Greubel, Petitioner appealed his conviction and sentence to the OCCA. On direct appeal, he identified three (3) propositions of error as follows:

> Proposition 1: Outrageous and repeated instances of prosecutorial misconduct warrant reversal or sentence reduction.
>
> Proposition 2: Allowing the nature of Appellant Ahaisse's prior felony conviction to be revealed to the jury under the pretext of proper impeachment unnecessarily prejudiced Appellant Ahaisse without adding any probative value.
>
> Proposition 3: The jury instructions failed to advise jurors they could proceed to consideration of the lesser included offense without first resolving the charged offense.

(Dkt. # 11, Ex. 1). In an unpublished summary opinion, filed April 5, 2004, in Case No. F-2003-488, the OCCA affirmed the judgment and sentence of the trial court. See Dkt. # 11, Ex. 3.

On March 29, 2005, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1), along with a supporting brief (Dkt. # 2). He identifies two (2) grounds of error mirroring the first two (2) propositions of error raised on direct appeal. See Dkt. #s 1 and 2. In response to the petition, Respondent contends that Petitioner is not entitled to habeas corpus relief. See Dkt. # 9.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). After careful review of the record, the Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B. Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain

2

federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The OCCA adjudicated each of Petitioner's grounds of error on direct appeal. As a result, Petitioner must satisfy the 28 U.S.C. § 2254(d) standard to be entitled to habeas corpus relief.

### *1. Prosecutorial misconduct (ground 1)*

As his first proposition of error, Petitioner asserts that the prosecutor engaged in numerous instances of misconduct and improper questioning. Specifically, he complains that the prosecutor (1) made improper use of Petitioner's prior conviction, (2) misstated the law during closing argument, (3) advised the jury erroneously that the state's burden of proof was "what a 'reasonable person' would find," (4) undermined the presumption of innocence by suggesting Petitioner shouldered a burden to surrender voluntarily, to locate witnesses, and to present evidence, (5) vouched for the state's witnesses and case, and (6) maligned defense counsel's closing argument. Petitioner also contends that in light of all the evidence presented, the prosecutor's aggregated

3

comments "necessarily contributed to the verdict itself, and warrants reversal of the conviction for a new trial and habeas relief." See Dkt. # 2 at 20. The OCCA rejected this claim on direct appeal as follows:

> no objection was raised in response to many of the alleged instances of prosecutorial misconduct, waiving all but plain error. *Banks v. State*, 2002 OK CR 9, ¶ 41, 43 P.3d 390, 401. We cannot say that the arguments taken as a whole deprived Appellant of a substantial right or went to the foundation of his defense. The trial court sustained each of defense counsel's objections to improper comments by the prosecutor and admonished the jury to disregard the comments. This admonition cured any error. *McElmurry v. State*, 2002 OK CR 40, ¶ 146, 60 P.3d 4, 33.

(Dkt. # 11, Ex. 3 at 2).

Where prosecutorial misconduct does not implicate a specific constitutional right, improper remarks require reversal of a state conviction only if the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). To determine whether a trial is rendered fundamentally unfair, we examine the entire proceeding, "including the strength of the evidence against the petitioner, both as to guilt at that stage of the trial and as to moral culpability at the sentencing phase" as well as "[a]ny cautionary steps-such as instructions to the jury-offered by the court to counteract improper remarks." Le v. Mullin, 311 F.3d 1002, 1013 (10th Cir. 2002). "[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). The ultimate question is whether the jury was able to fairly judge the evidence in light of the prosecutors' conduct. Bland v. Sirmons, 459 F.3d 999, 1024 (10th Cir. 2006). "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462,

4

1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999). Where an objection is sustained and the jury is admonished to disregard the objectionable comment, the trial court's admonition usually cures any error. See Patton v. Mullin, 425 F.3d 788, 800 (10th Cir. 2005). Furthermore, there is a general presumption that a jury follows a trial court's instructions. See Battenfield v. Gibson, 236 F.3d 1215, 1225 (10th Cir. 2001) (citing Weeks v. Angelone, 528 U.S. 225 (2000)). If prosecutorial misconduct sufficiently impacts a specific constitutional right, the Court applies the constitutional standard applicable to that right. Mahorney v. Wallman, 917 F.2d 469 (10th Cir.1990) (finding that when the impropriety complained of effectively deprived the defendant of a specific constitutional right, such as the presumption of innocence, a habeas claim may be established without requiring proof that the entire trial was thereby rendered fundamentally unfair).

With the applicable law in mind, the Court will review each of Petitioner's alleged instances of prosecutorial misconduct to determine whether the OCCA's adjudication of this claim was contrary to clearly established federal law.

### a. Improper comment regarding Petitioner's prior conviction

During closing argument, the prosecutor discussed Petitioner's assertion that he committed the stabbing in self-defense and stated that "this is from a person that's already been to the penitentiary for shooting with intent to kill and he's scared –." See Dkt. # 10, Tr. Trans. Vol. II at 44. Defense counsel lodged an objection before the prosecutor finished his statement. The objection was sustained and the trial court admonished the jurors to disregard the statement by the prosecutor. Id. The court emphasized that "[a]s the Court has indicated in its instructions, the prior conviction of the defendant only goes to the issue of credibility of his testimony and whether or not you choose

to believe it. And no person should be convicted of an offense based upon a – on the commission of another act." Id. Defense counsel also moved for a mistrial based on the prosecutor's statement. His request was overruled. Id. at 45.

Upon review of the trial transcript, this Court finds that the OCCA's rejection of this claim was not an unreasonable application of constitutional law. Petitioner complains that the prosecutor's remark concerning his prior conviction improperly suggested that the jury could infer guilt based on his prior conviction. The Court disagrees. Taken in context, it is clear the prosecutor was attacking the credibility of Petitioner's claim of self-defense. Furthermore, in light of the evidence of Petitioner's guilt, the comments, even if improper, were not significant enough to influence the jury's decision. See Moore v. Reynolds, 153 F.3d 1086, 1113 (10th Cir. 1998). As a result, there is not a reasonable probability that the outcome would have been different without the alleged misconduct. See Hoxsie v. Kerby, 108 F.3d 1239, 1244-45 (10th Cir. 1997). Petitioner is not entitled to habeas corpus relief on this claim.

### b. Misstatement of the law during closing argument

Petitioner next complains that the prosecutor misstated the law when he stated, during closing argument, that "[y]ou're not allowed to kill someone just because they start a fight with you, even if that's what happened." See Dkt. # 10, Tr. Trans. Vol. II at 40-41. The record reflects that the trial court sustained defense counsel's objection and admonished the jurors to disregard the prosecutor's comment. Id. at 41. The challenged statement came at the conclusion of the prosecutor's summary of the evidence regarding the victim's actions preceding the stabbing. It is well-established that the prosecutor is allowed to make fair comment on the evidence during closing argument. See Hooper v. Mullin, 314 F.3d 1162, 1172 (10th Cir. 2002). Even if the statement was

improper, the trial court's admonishment to the jury coupled with the instructions, see Dkt. # 10, O.R. at 74, cured any error. Battenfield, 236 F.3d at 1225; Hooper, 314 F.3d at 1173.  Petitioner is not entitled to habeas relief on this ground.

### c.  Misstatement of the state's burden of proof

During his closing argument, the prosecutor asked the jury to find Petitioner guilty of murder in the first degree or manslaughter in the first degree and said, "[t]his is what a reasonable person would do. You are each individuals –." See Dkt. # 10, Tr. Trans. Vol. II at 49.  Defense counsel's immediate objection was sustained and the trial court admonished the jurors to disregard the prosecutor's statement. Id. The trial court further noted that the state was not given a chance to complete its statement to the jurors. Id.  Upon review of the context in which the prosecutor made this statement, the Court finds it was not at all related to the State's burden of proof. Instead, the prosecutor made this statement while discussing the instruction on self-defense which references a "reasonable person." See Dkt. # 10, O.R. at 65. As a result, the statement was not a misstatement of the state's burden of proof and was not improper. Furthermore, as the statement did not amount to a violation of a fundamental right, it is thus subject to fundamental-fairness analysis. The Court finds that the challenged statement by the prosecutor did not render Petitioner's trial fundamentally unfair. The trial court's admonishment coupled with the instructions provided to the jury, including instructions specifying that the State carried the burden of establishing guilt "beyond a reasonable doubt," see Dkt. # 10, O.R. at 56, 65, 69, 71, 78, cured any error. Hooper, 314 F.3d at 1173.

### d.  Undermined the presumption of innocence

Next, Petitioner complains that during opening argument, the prosecutor improperly stated that "[t]hey [police detectives] go find him. He doesn't turn himself in, they have to go arrest him."

See Dkt. # 10, Tr. Trans. Vol. I at 19. According to Petitioner, that statement "deliberately undermined the presumption of innocence to which Petitioner was constitutionally entitled, and rendered Petitioner's Fifth Amendment privilege a nullity." See Dkt. # 2 at 14.  Defense counsel lodged no objection to the statement. Viewed in the context of the opening statement, however, the Court finds the statement was not improper. It is clear that the prosecutor was outlining the evidence expected to be presented to the jury.

Petitioner also complains that while cross-examining Petitioner, the prosecutor asked, "Where's he [Montague McGirt][1] today?" See Dkt. # 10, Tr. Trans. Vol. I at 145. Defense counsel's objection was sustained on the ground that it was outside the scope of the direct examination and the jury was admonished to disregard the question. Id. at 145-47. Petitioner's request for a mistrial was denied. Id. at 148. Significantly, the trial court also reminded the jurors that "the defendant has no burden of proof. As I've indicated to you several times earlier, he does not have to take the witness stand, nor does he have to call any witnesses to testify for him, and that includes Mr. McGirt." Id. at 149.

In addition, Petitioner cites to a statement made by the prosecutor at the beginning of his rebuttal closing argument, that "[a]rgument is not evidence. The evidence is what you decide the case on. You have a good argument when the evidence is not in your favor." See Dkt. # 10, Tr. Trans. Vol. II at 38. The trial court sustained defense counsel's objection and admonished the jury to disregard the statement. Petitioner asserts that the prosecutor nonetheless improperly asked, "What evidence do you have that the defendant acted in self-defense?" Id.

---

[1] Montague McGirt is Petitioner's cousin who went with him to the party and was with him at the time of the altercation and stabbing. He could not be located by either party and did not testify at trial.

None of the statements identified by Petitioner amount to a violation of the presumption of innocence. See Mahorney, 917 F.2d at 472-73. They are thus subject to fundamental-fairness analysis. Under that standard, the Court finds that none of the cited comments, even if improper, rendered Petitioner's trial fundamentally unfair. In addition, where defense counsel objected, the trial court's admonishment to the jury cured any error.

### e. Improperly vouched for the state's witnesses and case

Petitioner alleges that several times during the trial, the prosecutor impermissibly vouched for the credibility of the state's witnesses. The first instance occurred during the prosecutor's direct examination of David Lowe, the victim's brother, when the prosecutor stated, "[t]hey're going to view your credibility, so we're going to be right up front." See Dkt. # 10, Tr. Trans. Vol. I at 39-40. The trial court sustained defense counsel's objection and admonished the jury to disregard the comment. In addition, Petitioner complains of four (4) comments made by the prosecutor during closing argument, comments described by Petitioner as impermissible statements of "personal opinion." Defense counsel did not object to any of the four (4) comments.

After reviewing the trial transcript, the Court finds that the OCCA did not unreasonably apply federal law in rejecting this claim. Although a prosecutor may not vouch for the credibility of the state's witnesses, United States v. Bowie, 892 F.2d 1494, 1498 (10th Cir. 1990), such impermissible vouching occurs only when "the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurances of the witness' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony." Id. at 1498. Absent such personal vouching, a prosecutor may fairly comment on the evidence. United States v. Hartsfield, 976 F.2d 1349, 1354-55 (10th Cir. 1992);

9

Patton v. Mullin, 425 F.3d at 813. In this case, the prosecutor's statements were based on evidence in the record, and he did not express his personal beliefs about these matters. Moreover, in light of Petitioner's admissions following his arrest and the evidence presented at trial, it is implausible that any of the prosecutor's comments tipped the scales in favor of the prosecution. Petitioner is not entitled to habeas corpus relief on this claim.

### f.  Maligned defense counsel

Petitioner complains that during his closing argument, the prosecutor "impugned the integrity" of defense counsel by calling into doubt defense counsel's use of the rules of evidence, suggesting that defense counsel would have made disparaging remarks about the police officers if given the opportunity, and stating that in light of the strong evidence against Petitioner, defense counsel had to resort to clever argument.

After reviewing the trial transcript, the Court finds that none of the comments, even if improper, rendered Petitioner's trial fundamentally unfair. Donnelly, 416 U.S. at 643, 645. Again, in light of Petitioner's admissions following his arrest, it is implausible that any of the prosecutor's comments tipped the scales in favor of the prosecution. Petitioner is not entitled to habeas corpus relief on this claim.

### g. Cumulative effect of pattern of prosecutorial misconduct

As his last argument, Petitioner asserts that the pattern of egregious instances of prosecutorial misconduct undermined the integrity of the judicial proceeding.  The OCCA addressed this claim, stating that "[w]e cannot say that the arguments taken as a whole deprived Appellant of a substantial right or went to the foundation of his defense." See Dkt. # 11, Ex. 3.

"A cumulative error analysis aggregates all the errors that individually might be harmless, and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." Thornburg v. Mullin, 422 F.3d 1113, 1137 (10th Cir. 2005) (internal quotation marks omitted). The Court has determined above that none of Petitioner's claims of prosecutorial misconduct warrants habeas corpus relief. The evidence of guilt in this case was overwhelming. Petitioner admitted he stabbed the victim. See Dkt. # 10, Tr. Trans. Vol. I at . He admitted the victim had not touched him or threatened him. Id. at 143, 153-55. Petitioner's claim of self-defense was not supported by the evidence. As a result, the Court finds that Petitioner is not entitled to relief based on the cumulative effect of alleged instances of prosecutorial misconduct.

In summary, in light of the evidence presented at trial, the Court cannot find that comments by the prosecutor, either individual comments or in the aggregate, tipped the scale in favor of the prosecution. The OCCA's rejection of Petitioner's claims of prosecutorial misconduct was not contrary to clearly established federal law. For that reason, habeas corpus relief on Petitioner's claims of prosecutorial misconduct shall be denied.

### 2. *Improper use of prior conviction (ground 2)*

As his second proposition of error, Petitioner alleges that the nature of his prior conviction was improperly revealed to the jury. The OCCA rejected this claim on direct appeal, citing Hooks v. State, 19 P.3d 1047, 1068 (Okla. Crim. App. 2001), and finding that "the prior conviction was admissible for impeachment purposes and was not more prejudicial than probative." (Dkt. # 11, Ex. 3 at 2).

Respondent asserts that the claim presented in Petitioner's ground two is not cognizable on habeas corpus review because it involves a matter of state law. The Court agrees with Respondent that Petitioner's challenge to the evidentiary ruling resulting in admission of the nature of Petitioner's prior felony conviction concerns a matter of state law. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions).  Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. Habeas relief is not available for a challenge to state court evidentiary rulings unless the rulings "rendered the trial so fundamentally unfair that a denial of constitutional rights results." Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002).

Petitioner presents no evidence and nothing in the record suggests that the trial court's admission of the nature of his prior felony conviction rendered his trial fundamentally unfair. This Court will not disturb a state court's evidentiary ruling on due process grounds unless the error was "so unduly prejudicial that it renders the trial fundamentally unfair." Payne v. Tennessee, 501 U.S. 808, 825 (1991); Fox v. Ward, 200 F.3d 1286, 1296-97 (10th Cir.2000) (error must be "so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process"). Accordingly, to the extent Petitioner has asserted a due process claim, the Court finds the claim lacks merit and should be denied. Otherwise, Petitioner's ground two claim challenging the trial court's evidentiary ruling is not cognizable in this federal habeas corpus proceeding and should be denied on that basis.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

DATED THIS 20th day of November 2008.

*[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma